UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FILED

DEC 11 2019

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES OF AMERICA )
)
v. )
)
EDWARD STEVEN LEWIS; )
DEREK CLINT HOMMEL; )           No.:  2:19-CR-133
MICHAEL REED; )                 Judge Greer
DEREK CLINT FRANCIS; )          SEALED
SARAH ELIZABETH ANGELBECK; )
JOHN MARK SPEIR; )
DWAYNE COY WOODS; and )
SAMANTHA LEE FRADY )
)

## FIRST SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that beginning in approximately February 2019, and continuing

to in or about December 2019, within the Eastern District of Tennessee and elsewhere, the

defendants, EDWARD STEVEN LEWIS, DEREK CLINT HOMMEL, MICHAEL REED,

DEREK CLINT FRANCIS, SARAH ANGELBECK, JOHN MARK SPEIR, DWAYNE

WOODS, and SAMANTHA FRADY and other persons known and unknown to the Grand Jury

did knowingly, intentionally, and without authority combine, conspire, confederate and agree

with each other and with diverse other persons to commit the following offenses against the

United States of America: The distribution and possession with the intent to distribute fifty (50)

grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

## COUNT TWO

The Grand Jury further charges that on or about February 17, 2019, within the Eastern District of Tennessee, the defendant, EDWARD STEVEN LEWIS, knowing that he was previously convicted of an offense punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, a firearm, namely, a Ruger, LCP, .380 caliber pistol, said firearm having been shipped and transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

## COUNT THREE

The Grand Jury further charges that on or about April 18, 2019, in the Eastern District of Tennessee, defendant DEREK CLINT HOMMEL, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT FOUR

The Grand Jury further charges that on or about May 1, 2019, in the Eastern District of Tennessee, defendant DEREK CLINT FRANCIS, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT FIVE

The Grand Jury further charges that on or about May 1, 2019, in the Eastern District of Tennessee, defendant DEREK CLINT HOMMEL, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT SIX

The Grand Jury further charges that on or about May 28, 2019, in the Eastern District of Tennessee, defendant JOHN MARK SPEIR, did knowingly, intentionally and without authority possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT SEVEN

The Grand Jury further charges that on or about June 5, 2019, in the Eastern District of Tennessee, defendant EDWARD STEVEN LEWIS, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT EIGHT

The Grand Jury further charges that on or about June 20, 2019, in the Eastern District of Tennessee, defendant SARAH ELIZABETH ANGELBECK, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT NINE

The Grand Jury further charges that on or about July 11, 2019, in the Eastern District of Tennessee, defendant MICHAEL REED, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT TEN

The Grand Jury further charges that on or about July 24, 2019, in the Eastern District of Tennessee, defendant EDWARD STEVEN LEWIS, did knowingly, intentionally and without authority possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT ELEVEN

The Grand Jury further charges that on or about July 29, 2019, in the Eastern District of Tennessee, defendant SAMANTHA LEE FRADY, did knowingly, intentionally and without authority possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT TWELVE

The Grand Jury further charges that on or about August 9, 2019, in the Eastern District of Tennessee, defendant SARAH ELIZABETH ANGELBECK, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT THIRTEEN

The Grand Jury further charges that on or about August 14, 2019, in the Eastern District of Tennessee, defendant EDWARD STEVEN LEWIS, did knowingly, intentionally and without authority possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## COUNT FOURTEEN

The Grand Jury further charges that on or about August 14, 2019, within the Eastern District of Tennessee, the defendant, EDWARD STEVEN LEWIS, did knowingly possess a firearm in furtherance of the drug trafficking offense as charged in Count Thirteen, in violation of Title 21, United States Code, Section 841(a)(1), which is hereby incorporated by reference.

[18 U.S.C. § 924(c)(1)(A)]

## COUNT FIFTEEN

The Grand Jury further charges that on or about August 14, 2019, within the Eastern District of Tennessee, the defendant, EDWARD STEVEN LEWIS, knowing that he was previously convicted of an offense punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, a firearm, namely, a Taurus, PT111G2A, 9mm pistol, said firearm having been shipped and transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

## COUNT SIXTEEN

The Grand Jury further charges that on or about August 23, 2019, within the Eastern District of Tennessee, the defendant, MICHAEL REED, knowing that he was previously convicted of an offense punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, a firearm, namely, a Taurus, TLU67899, 9mm pistol, said firearm having been shipped and transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

## COUNT SEVENTEEN

The Grand Jury further charges that on or about September 4, 2019, in the Eastern District of Tennessee, defendant DWAYNE COY WOODS, did knowingly, intentionally and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

1. The allegations contained in Count One, Three through Thirteen, and Seventeen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of an offense in violation of Title 21, United States Code, Section 841 and/or 846, the defendants, EDWARD STEVEN LEWIS, DEREK CLINT HOMMEL, MICHAEL REED, DEREK CLINT FRANCIS, SARAH ANGELBECK, JOHN MARK SPEIR, DWAYNE WOODS, and SAMANTHA FRADY, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The property to be forfeited includes but is not limited to the following:

### Money Judgment

Proceeds the defendants, EDWARD STEVEN LEWIS, DEREK CLINT HOMMEL, MICHAEL REED, DEREK CLINT FRANCIS, SARAH ANGELBECK, JOHN MARK SPEIR, DWAYNE WOODS, and SAMANTHA FRADY, personally obtained as a result of the violations of Title 21, United States Code, Section 841 and/or 846.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## FIREARMS FORFEITURE ALLEGATIONS

1.      The allegation contained in Count Two and Counts Fourteen through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) and/or 924(c)(1)(A), as set forth in this Indictment, the defendants, EDWARD STEVEN LEWIS and/or MICHAEL REED, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense, including but not limited to:

a) Ruger, LCP, .380 caliber pistol;

b) Taurus, PT111G2A, 9mm pistol;

c) Taurus, TLU67899, 9mm pistol; and

d) Ammunition.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

███████████████████

FOREPERSON

J. DOUGLAS OVERBEY
United States Attorney

By: _____
ANDREW C. PARKER
Assistant United States Attorney